IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANGELA DEMMA, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | 1:12-cv-07963 |
| | ) | |
| vs. | ) | |
| | ) | |
| ADMIN RECOVERY, LLC, | ) | |
| | ) | JURY DEMANDED |
| Defendant. | ) | |

## COMPLAINT

## INTRODUCTION

1. Plaintiff Angela Demma ("Angela') brings this action to secure redress from unlawful collection practices engaged in by defendant Admin Recovery, LLC ("Admin"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* ("FCRA").

## VENUE AND JURISDICTION

2. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA) and 28 U.S.C. §1331.

3. Venue and personal jurisdiction in this District are proper because:

    a. Defendant's collection communications were received by plaintiff within this District;

    b. Defendant does or transacts business within this District.

## PARTIES

4. Plaintiff Angela Demma is an individual who resides in the Northern District of Illinois.

5. Defendant Admin Recovery, LLC is a limited liability company chartered under Delaware law with an office at 9159 Main Street, Clarence, NY 14031. It does business in Illinois. Its registered agent and office is Incorp. Services Inc., 901 South 2ND Street, Suite 201, Springfield, IL 62704.

6. Admin Recovery, LLC is engaged in the business of using the mails and telephone to collect consumer debts originally owed to others.

7. Admin Recovery, LLC is a debt collector as defined in the FDCPA.

## FACTS

8. Defendant has been attempting to collect from Plaintiff an alleged debt consisting of a Wells Fargo account incurred for personal, family or household purposes and not for business purposes.

9. The debt went into default status prior to the date the Defendant allegedly purchased the account.

10. On or about May 2, 2012, Jeff Yates ("Jeff"), an agent for the Defendant, called Chad Hadaway ("Chad"), a third party not obligated to pay the debt in question, and told Chad that he was collecting a debt owed by his ex wife, Angela, in regards to a delinquent Empire Carpet account that was held at Wells Fargo. Affidavit of Chad Hadaway attached as Exhibit A.

11. During the May 2nd call to Chad, the Defendant ridiculed the plaintiff.

12. On or about May 2, 2012, Chad contacted the Plaintiff letting her know that Defendant had called him about an Empire Carpet bill she owed and the he was making fun of her marriages.

13. On or about May 2, 2012, initial contact was made between the Plaintiff and Defendant. Plaintiff at this time requested that the Defendant not discuss the debt with her ex spouses and to not make derogatory comments about her marriages.

14. On May 2, 2012 Defendant, Jeff, stated to Plaintiff that he had a copy of her credit report and he had the right to call those listed on it until she paid the debt.

15. After Defendant had Plaintiff's contact information and after Plaintiff informed Defendant not to call any other person listed in the credit report, Defendant left a message for Joe Cohen ("Joe"), another ex spouse of Angela and someone who was also a third party not obligated on the debt in question, informing Joe that Jeff was attempting to collect a debt that his ex wife Angela owed.

16. On May 30, 2012, Defendant called Plaintiff and during this call Plaintiff requested verification of the debt, she also requested the company's complete name and address information from the Defendant so that she could send a written request for verification of the debt.

17. On May 30, 2012, Defendant denied Plaintiff's request for company and address information and threatened her stating that if she did not pay immediately he was going to raise her interest rate to 28.99% and send her account to the legal depart and proceed with legal action.

18. To date no legal action has been commenced by the Defendant.

19. In 2012 and on or about May 2 at 9:16am, May 2 at 9:51am, May 4 at 12:07pm, May 7 at 2: 18 pm, May 11 at 1:45pm, May 15 at 1:30pm, May 16 at 11:34am, May 21 at 1:38pm, May23 at 1:25pm, May 24 at 9:42am, May 25 at 8:49am, May 29 at 7:57am and May 30 at 2:36 pm Defendant made calls to the Plaintiff's cellular phone.

20. Plaintiff's cellular phone provider charges her for calls from the Defendant.

## COUNT I – FDCPA

21. Plaintiff incorporates paragraphs 1-20.

22. Defendant violated 15 U.S.C. §§1692b, 1692b(1) and 1692b(2); §§1692c, 1692c(a)(1), 1692c(b); §1692d; §§1692e, 1692e(2), 1692e(5) and 1692e(10); §1692f; §1692g(a).

23. 15 U.S.C. 1692b provides:

> **§ 1692b: Acquisition of location information**
>
> **Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall—**
>
> > **(1) identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer;**
> >
> > **(2) not state that such consumer owes any debt;**

24. On May 2, 2012 Defendant in direct violation of 15 U.S.C. 1692b(2) called Chad Hadaway and informed him that he was seeking to collect on a debt his ex wife owed.

25. On or about May 2, 2012 Defendant in direct violation of 15 U.S.C. 1692b(2) left a message for Joe Cohen informing him that he was seeking to collect on a debt his ex wife owed.

26. 15 U.S.C. 1692c provides:

> **§ 1692c: Communication in connection with debt collection**
>
> **(a) Communication with the consumer generally**
>
> **Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—**
>
> > **(1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location;**
>
> **(b) Communication with third parties**
>
> **Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted**

> **by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.**
>
> **(d) "Consumer" defined**
>
> **For the purpose of this section, the term "consumer" includes the consumer's spouse, parent (if the consumer is a minor), guardian, executor, or administrator.**

27. On May 2, 2012 Defendant in direct violation of 15 U.S.C. 1692c(b) called Chad Hadaway and informed him that he was seeking to collect on a debt his ex wife owed.

28. On or about May 2, 2012 Defendant in direct violation of 15 U.S.C. 1692c(b) called Joe Cohen and left a message informing him that he was seeking to collect on a debt his ex wife owed.

29. On May 29 at 7:57am, Defendant called Plaintiff and attempted to collect on the alleged debt prior to 8 a.m. violating 15 U.S.C. 1692c(a)(1).

30. 15 U.S.C. 1692d provides

> **§ 1692d: Harassment or abuse**
>
> **A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.**

31. Defendant has harassed, intimidated, oppressed and abused the Plaintiff in it collecting attempting by, amongst other things: threatening the Plaintiff, threatening legal action when none was taken, threatening to call third parties until payment was made, embarrassing and ridiculing the Plaintiff both directly and in front of third parties, calling before 8 a.m., and calling with the knowledge that the call was inconvenient to the Plaintiff.

32. 15 U.S.C. 1692e provides:

> **§ 1692e: False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.**

> **Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> > **(2) The false representation of—**
> >
> > > **(A) the character, amount, or legal status of any debt; . . .**
> >
> > **(5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**
> >
> > **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

33. On May 30, 2012 Defendant in direct violation of 15 U.S.C. 1692e(5) and (10) threatened to submit Plaintiff's account to their legal department for filing if immediate payment was not made, when Defendant did not intend such action to be taken.

34. 15 U.S.C. 1692f provides:

> **§ 1692f: Unfair practices**
>
> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.**

35. The Defendant's threats, communication with third parties and oppressive language constitute unfair practices violating 15 U.S.C 1692f.

36. 15 U.S.C. 1692g provides:

> **§ 1692g: Validation of debts**
>
> **(a) Notice of debt; contents**
>
> **Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—**
>
> > **(1) the amount of the debt;**
> >
> > **(2) the name of the creditor to whom the debt is owed;**

**(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**

**(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**

**(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.**

37. Defendant failed to provide a notice as required under 15 U.S.C. 1692g(a) within 5 days of the initial communication.

## COUNT II – FCRA

38. Plaintiff incorporates paragraphs 1-37.

39. Defendant violated 15 U.S.C. §1681 (permitted purposes of consumer reports) by utilizing the consumer report to communicate the debt to third parties with the intent to intimidate and harass the Plaintiff.

40. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

(1) Actual damages;

(2) Statutory damages;

(3) Attorney's fees, litigation expenses and costs of suit;

       (4) Such other and further relief as the Court deems proper.

       <u>/s/ Brian J. Matsko</u>

       Brian J. Matsko

Brian J Matsko (6306531)
Matsko Law Offices, LLC
1121 West Belmont Avenue, Suite 4
Chicago, Illinois 60657
(312) 508-3306
(312) 253-4461 (FAX)

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

      /s/ Brian J. Matsko

      Brian J. Matsko

Brian J Matsko (6306531)
Matsko Law Offices, LLC
1121 West Belmont Avenue, Suite 4
Chicago, Illinois 60657
(312) 508-3306
(312) 253-4461 (FAX)

## JURY DEMAND

Plaintiff demands trial by jury.

      /s/ Brian J. Matsko

      Brian J. Matsko